# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TIM JANECYK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation,<br><br>Defendant. | Civil Action No.<br><br>Removed from Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2020CH00833 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Defendant International Business Machines Corporation ("IBM") hereby removes this putative class action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois. In this action, Plaintiff Tim Janecyk ("Plaintiff" or "Janecyk") brings a claim on behalf of himself and a putative class, alleging that IBM violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. (Ex. 1, Compl. ¶¶ 48-58.) Janecyk alleges that IBM violated BIPA by creating, capturing, storing and disseminating "millions of 'face templates' (or 'face prints')—highly detailed geometric maps of the face—from about a million photographs" and compiled these "face templates" in its Diversity in Faces Dataset. (*Id*. at ¶¶ 4-7.) This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because diversity exists and the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C § 1332(d)(2). In determining whether the matter in controversy exceeds the sum or value of $5 million, the "claims of the individual class members shall be aggregated." 28 U.S.C § 1332(d)(6).

## I. PLAINTIFF'S ALLEGATIONS

1. On January 22, 2020, Janecyk filed suit on behalf of himself and a proposed class of similarly situated individuals alleging that IBM violated BIPA by collecting, storing, using, and disseminating Janecyk's (and the purported class members') biometric information and biometric identifiers without: (i) informing him that his biometric identifier and/or biometric information was being collected; (ii) obtaining his written consent; (iii) publishing a data retention policy alerting Janecyk to how long IBM would retain his biometric identifier and/or biometric information; and (iv) disclosing his biometric identifier and/or biometric information to third-parties. (Ex. 1, Compl. ¶¶ 1, 4, 48-58.)

## II. GROUNDS FOR REMOVAL

2. This Court has jurisdiction under CAFA over putative class actions in which: (i) minimal diversity exists, and (ii) the amount in controversy exceeds $5 million. *See* U.S.C §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1453(b) (permitting removal of a "class action" to a "district court of the United States"); and 1446 (permitting removal).

3. Minimal diversity exists here because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

4. Here, Janecyk alleges he is a citizen of Illinois. (Ex. 1, Compl. ¶ 8.) *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled.").

5. Corporations are citizens of their state of incorporation and their principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Altom*, 823 F.3d at 420 ("A corporation is a citizen of any state in which it is incorporated, and the state where it has its principal place of business."). Since IBM is incorporated under the laws of the State of New York and is headquartered in Armonk, New York, IBM is a citizen of New York State. (Ex. 1, Compl. ¶ 9.)

6. The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

7. Under CAFA, a defendant is required only to explain that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764.

8. The putative class in this case is comprised of "[a]ll citizens of Illinois who had their biometric identifiers, including scans of face geometry, collected, captured, received, or otherwise obtained by IBM from photographs in its Diversity in Faces Dataset." (Ex. 1, Compl. ¶ 43.) Janecyk alleges that the "number of persons within the Class is substantial, believed to amount to millions of persons." (*Id*. at ¶ 44.) Because Janecyk alleges that each member of the class is entitled to statutory damages of up to $5,000 for each violation of the statute, this class action satisfies CAFA's amount-in-controversy requirement. (*Id*. at 58.) *See also, Bloomberg*, 639 F.3d at 763 (holding that "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence").

9. Moreover, two days after Janecyk filed his complaint in the Circuit Court of Cook County, a plaintiff named Steven Vance filed a substantively identical lawsuit against IBM in the Northern District of Illinois, alleging, among other things, that IBM violated BIPA by collecting, storing, and disseminating the "unique facial measurements of thousands of Illinois citizens" in a database IBM allegedly built containing "each of [the approximately one million individuals'] unique 'craniofacial measurements.'" (Ex. 2, *Vance v. Int'l Bus. Mach. Corp.*, Case No. 20-CV-00577 (N.D. Ill. filed Jan. 24, 2020), herein the "Vance Complaint," ¶¶ 4-10.) In the Vance Complaint, the plaintiff alleges that the Northern District of Illinois has jurisdiction over the BIPA claims under 28 U.S.C. § 1332(d) because "[t]he named Plaintiff is a citizen of a state different from [IBM]" and the amount "sought by the Class easily exceeds the minimum of $5,0000,000" because "it is estimated that the Class will have over 10,000 members and each willful violation of BIPA is punishable by liquidated damages of $5,000." (Ex. 2, Vance Compl. ¶ 13.)

10. The procedural requirements for removal have also been satisfied. 28 U.S.C.A. § 1446 provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

11. Here, the Complaint was filed on January 22, 2020 and Defendant was served on January 24, 2020. (Ex. 1.) IBM filed this notice of removal within thirty (30) days of service of the summons and complaint. Removal is timely.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached to this notice. (*See* Ex. 1.)

13. Pursuant to 28 U.S.C. § 1446(d), IBM will promptly give Janecyk, via his counsel, written notification of this Notice of Removal and file a copy of the Notice with the clerk of the Circuit Court of Cook County, Illinois.

## III. ARTICLE III STANDING

14. Janecyk's Complaint sufficiently satisfies the constitutional requirement that plaintiff allege an injury-in-fact.

15. Pursuant to Article III of the United States Constitution, federal jurisdiction is limited to actual cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To ensure that the case-or-controversy limitation is respected, the Supreme Court has defined an "irreducible constitutional minimum of standing" that litigants who are seeking to avail themselves of the federal courts must meet. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To meet those minimum requirements—that is, to have Article III standing to sue in federal court—"a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.' " *Taylor v. McCament*, 875 F. 3d 849, 853 (7th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1547).

16. In the Complaint, in addition to alleging other procedural violations, Janecyk alleges that IBM: (i) is "actively […] disclosing […] the biometrics of millions of unwitting individuals;" (ii) "released the highly confidential biometrics of the individuals whose faces appear in the photographs to the public," (iii) "shared the biometric data with third parties;" and (iv) "violated BIPA by wrongly disclosing the highly sensitive biometric identifiers and/or biometric information of Plaintiff or Class members with third parties." (Ex. 1, Compl. ¶¶ 4, 27, 42, 56.)

17. Courts analyzing allegations similar to those alleged by Janecyk have found that these types of allegations—*i.e.*, dissemination of an individual's biometric identifiers or

information to a third-party without his or her knowledge or consent—is an alleged violation of the right to privacy and therefore is sufficiently concrete to constitute an injury in fact that supports Article III standing. *See Rogers v. CSX Intermodal Terminals, Inc.*, 409 F. Supp. 3d 612, 616 n.3 (N.D. Ill. 2019) ("Constitutional standing is generally conferred in BIPA actions where biometric information is collected without the plaintiff's knowledge or disseminated to a third party without consent."); *Miller v. Sw. Airlines Co.*, No. 18 C 86, 2018 WL 4030590, at *3 (N.D. Ill. Aug. 23, 2018) (finding plaintiffs alleged injury-in-fact because there was no indication that the plaintiffs "knew about or consented to the disclosure of their fingerprint scans to third parties."); *Dixon v. Washington & Jane Smith Cmty.-Beverly*, 17-C-8033, 2018 WL 2445292, at * 10 (N.D. Ill. May 31, 2018) (denying plaintiff's motion to remand because the "alleged violation of plaintiff's right to privacy in her biometric data is a sufficiently concrete injury for Article III standing").

Dated: February 3, 2020

Respectfully Submitted,

*/s/ Kaitlin P. Sheehan*
Lazar P. Raynal
Kaitlin P. Sheehan
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606-1881
Telephone: (312) 705-7400
Fax: (312) 705-7401
lazarraynal@quinnemanuel.com
kaitlinsheehan@quinnemanuel.com

Stephen A. Broome (*pro hac vice forthcoming*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
856 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
stephenbroome@quinnemanuel.com

6

*Counsel for IBM*

## **CERTIFICATE OF SERVICE**

The undersigned attorney for IBM hereby certifies that on February 3, 2020 a true and correct copy of the foregoing was filed using the CM/ECF system and served via email to all attorneys of record in Case No. 2020CH00833, Circuit Court of Cook County, Illinois, Chancery Division.

*/s/ Kaitlin P. Sheehan*
Kaitlin Sheehan